IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00603-BNB

NATHAN M. SERRANO,

    Plaintiff,

v.

BETTY WYTIAS, Dept. of Human Services, Assistant Attorney General,
DAVID COLAGROSSO, CO Dept. of Human Services Director, Wheat Ridge Regional Center,
BETTY K. MARLER, CO Dept. of Human Services Director,
JAMES TROTTER, MD, UCHSC University Hospital,
CAREY CHAMBERLIN, Psy. D., UCHSC University Hospital, and
DEBBIE CARTER, Psy. D., Dept. of Youth Corrections,

    Defendants.

---

### ORDER TO FILE THIRD AND FINAL AMENDED COMPLAINT

---

Plaintiff, Nathan Serrano, initiated this action by filing a *pro se* Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on March 5, 2010. On March 16, 2010, Magistrate Judge Boyd N. Boland ordered the Clerk of the Court to commence a civil action, and ordered Mr. Serrano to cure certain deficiencies. Specifically, he ordered Mr. Serrano to file a complete complaint on the court-approved form. After receiving an extension of time, Mr. Serrano filed an amended complaint on April 30, 2010.

On May 12, 2010, the Court determined that the Amended Complaint was deficient because it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Mr. Serrano was ordered to file a

Second Amended Complaint, which he filed on June 10, 2010.

The Court must construe the second amended complaint liberally because Mr. Serrano is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Serrano will be directed to file a third and final amended complaint.

The Court has reviewed Mr. Serrano's second amended complaint and finds that the second amended complaint again does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Serrano fails to set forth a short and plain statement of the Court's jurisdiction and of his claims showing that he is entitled to relief. In the jurisdiction section, Mr. Serrano asserts that his claims are brought pursuant to "UNITED STATES DISTRICT COURT or UNITED STATES FEDERAL COURT as per the Case John Nasious, Plaintiff - Appellant 492 F.3d 1158." Second Amended Complaint at 2. In *Nasious v. Two Unknown B.I.C.E. Agents, et al,* 492 F.3d 1158 (10th Cir. 2007), a state inmate brought suit against various federal, state and local officials pursuant to 42 U.S.C. § 1983. Accordingly, it appears that Mr. Serrano is trying to assert jurisdiction pursuant to 42 U.S.C. § 1983. Mr. Serrano is directed to clarify his basis for the Court's jurisdiction his third and final amended complaint.

Mr. Serrano's Second Amended Complaint also suffers from other deficiencies. Mr. Serrano brings one claim for relief, in which he appears to assert violations of his Fifth, Sixth, Eighth and Fourteenth Amendment rights. Mr. Serrano's first claim for relief is verbose and confusing, because he includes numerous different claims and allegations against various defendants. His first claim for relief covers a complex and confusing time-line of events that occurred during Mr. Serrano's incarceration beginning in 1999, and ending with the dismissal of his conviction and sentence in 2009. Mr. Serrano's first claim for relief appears to assert many different claims, including deliberate indifference to his serious medical needs, a challenge to the revocation of his probation, and use of excessive force by prison officials. Moreover, in his first claim for

relief, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." ***Id.*** In the third and final amended complaint which Mr. Serrano will be ordered to file, he is directed to attempt to separate his individual claims into a more manageable format. In other words, if Mr. Serrano wishes to assert a claim for deliberate indifference to his serious medical needs, he should organize all of those allegations into one single claim that does not contain other, unrelated allegations or claims.

In addition, Mr. Serrano repeatedly refers the Court to medical records, emails and exhibits that are not attached to the second amended complaint. It is not clear whether these exhibits were previously submitted to the Court or whether Mr. Serrano intends to submit them in the future. It is clear, however, that Mr. Serrano apparently expects the Court to piece together allegations from the complaint and amended complaint he originally filed with allegations in the second amended complaint. That is not a judicial function.

Mr. Serrano still fails to understand that it is his responsibility to present his claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Mr. Serrano must

allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

In the third and final amended complaint, Mr. Serrano also must assert personal participation by each named defendant. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Serrano must name and show how named defendants caused a deprivation of his federal rights. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Serrano should also note that a prosecutor, such as Assistant Attorney General Betty J. Wytias, acting within the scope of her duties enjoys absolute immunity from suit under § 1983. ***Imbler v. Pachtman***, 424 U.S. 409, 424 (1976). Prosecutors are provided absolute immunity because exposing them to § 1983 lawsuits springing from their official activities "would divert '[their] energy and attention . . . from the pressing duty of enforcing the criminal law.'" ***Grant v. Hollenbach***, 870 F.2d 1135,

1139 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 430-31)).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Serrano will be given a final opportunity to cure the deficiencies in his second amended complaint by submitting a third and final amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, names only proper parties and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Nathan M. Serrano, **within thirty (30) days from the date of this order**, file a third and final amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the third and final amended complaint shall be titled "Third and Final Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Serrano, together with a copy of this order, two copies of the following form to be used in submitting the third and final amended complaint: Complaint. It is

FURTHER ORDERED that, if Mr. Serrano fails to file a third and final amended complaint that complies with this order within the time allowed, the second amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23rd day of June, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00603-BNB

Nathan M. Serrano
5305 Sheridan Blvd. #17
Arvada, CO 80002

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 6/23/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk