IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00603-BNB

NATHAN M. SERRANO,

    Plaintiff,

v.

LISA HUGHES, Probation Officer,
DAVID COLAGROSSO, CO Dept. of Human Services Director, Wheat Ridge Regional
    Center,
BETTY K. MARLER, CO Dept. of Human Services Director,
JAMES TROTTER, MD, UCHSC University Hospital,
CAREY CHAMBERLIN, Psy. D., UCHSC University Hospital, and
DEBBIE CARTER, Psy. D., Dept. of Youth Corrections,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 4 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Nathan Serrano initiated this action by filing a *pro se* Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on March 5, 2010. On March 16, 2010, Magistrate Judge Boyd N. Boland ordered the Clerk of the Court to commence a civil action and ordered Mr. Serrano to cure certain deficiencies. Specifically, he ordered Mr. Serrano to file a complete complaint on the court-approved form. After receiving an extension of time, Mr. Serrano filed an amended complaint on April 30, 2010. He has been granted leave to proceed *in forma pauperis*.

On May 12, 2010, Magistrate Judge Craig B. Shaffer determined that the Amended Complaint was deficient because it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Mr.

Serrano was ordered to file a Second Amended Complaint, which he filed on June 10, 2010.

On June 23, 2010, Magistrate Judge Shaffer determined that the Second Amended Complaint was deficient because it did not comply with the pleading requirements of Rule 8 and because it did not provide a basis for the Court's jurisdiction. Accordingly, Mr. Serrano was directed to file a Third and Final Amended Complaint, which he filed on July 23, 2010.

The Court must construe the Third Amended Complaint liberally because Mr. Serrano is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the third amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons set forth below, the Third Amended Complaint will be dismissed.

The Court has reviewed the Third Amended Complaint Mr. Serrano filed on July 23, 2010 and finds that it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Shaffer previously informed Mr. Serrano, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Serrano fails to set forth a short and plain statement of the Court's jurisdiction and of his claims showing that he is entitled to relief. In the jurisdiction section, Mr. Serrano asserts that his claims are brought pursuant to "UNITED STATES FEDERAL COURT." Third Amended Complaint at 2. In his June 23 Order, Magistrate Judge Shaffer specifically informed Mr. Serrano that he must clarify the basis for the Court's jurisdiction by providing statutory authority. Mr. Serrano has failed to fulfill this requirement.

Further, although Mr. Serrano purports to assert one claim for relief, in reality, his single claim for relief contains numerous claims and allegations against different defendants. Like Mr. Serrano's Second Amended Complaint, his Third Amended Complaint is verbose and confusing because his single claim for relief covers a

complex and confusing time-line of events beginning in 1999, with his incarceration, and ending sometime in the present. His first claim consists of twelve numbered paragraphs, and asserts many different claims, including deliberate indifferent to his serious medical needs, a challenge to the revocation of his probation in 2000, a challenge to the imposition of legal disability on Mr. Serrano in 1999, damages for his "illegal" sentence and incarceration from 1999 to 2004, a claim that appears to assert a violation of the Health Insurance Portability and Accountability Act (HIPAA), a claim that appears to assert a violation of the Individuals with Disabilities Act (IDEA), and allegations that Mr. Serrano was treated inhumanely and physically or sexually abused by unknown individuals during his incarceration. In addition, Mr. Serrano has attached eighty-four pages of unexplained exhibits to his Third Amended Complaint. The Court finds that Mr. Serrano's first claim for relief fails to comply with Rule 8 because it is vague, confusing, and verbose.

Mr. Serrano has repeatedly been warned that it is his responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Serrano has been provided several chances to allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. Mr. Serrano has failed to present his claims in such a format because he has failed to state his claims in a clear, succinct, and factual manner. Moreover, the general rule that *pro se* pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving

as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court notes that Mr. Serrano may have meritorious claims in his Third Amended Complaint. Nonetheless, because any meritorious claims are inextricably intertwined with numerous other vague, conclusory, or meritless claims, the Court is unable to separate the potentially meritorious claims from those without merit.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the third amended complaint does not meet the requirements of Rule 8 and must be dismissed. The Court notes that the dismissal is without prejudice. Therefore, Mr. Serrano may pursue his claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Third Amended Complaint filed on July 23, 2010, and this action, are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this __3rd__ day of __August__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00603-BNB

Nathan M. Serrano
5305 Sheridan Blvd. #17
Arvada, CO 80002

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/4/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk